Littleton, Judge,
delivered the opinion of the court:
The plaintiff first enlisted in the United States Navy on April 24,1908, and after service through successive terms of enlistment he was transferred to the Fleet Reserve (Fleet Naval Reserve), on October 31, 1924, with the rating of Gunner’s Mate, first class, which rating he had held on the active list immediately prior to his transfer. At the time of his transfer to the Fleet Reserve, plaintiff had completed exactly 16 years of active service in the Navy. Subsequently, plaintiff was transferred to the retired list of the Regular Navy on November 1, 1938, having, on that date, completed a total of 30 years’ service, including his inactive time in the Fleet Naval Reserve and Fleet Reserve. On October 26, 1942, plaintiff was recalled to active duty in the Navy and served on active duty until August 20, 1945, when he was *277 again released to an inactive status-on the retired list; While serving on active duty, plaintiff was advanced on December i, 1942, to the rating of Chief Gunner’s Mate (acting appointment) , which advancement became permanent on December 1,1943. Since plaintiff’s release on August 20,1945, to an inactive status, he has received only the retired base pay upon the rating of Gunner’s Mate, first class, which was the retired pay to which he was entitled al the time of his retirement on November 1,1938. He made claim for retired pay based upon his rating of Chief Gunner’s Mate (permanent appointment), which claim was denied on the ground that he was not entitled to the benefits provided in Sec. 2 of the Act of August 10,1946, supra, because under the language of the Act it applied only to enlisted men of the Fleet Reserve transferred thereto after more than sixteen years’ service.
Plaintiff makes his claim under the provisions of Sec. 2 of the Act of August 10, 1946, supra, amending Title 2 of the Naval Reserve Act of 1938, by adding thereto a new Sec. 208, reading as follows;
Sec. 208. Whenever enlisted men of the Fleet Reserve, transferred thereto after more than sixteen years’ service, or enlisted men transferred from the Fleet Reserve to the retired list of the Regular-Navy, perform active duty after July 1, 1925, such active duty, except that which they are required to perform in time of peace under section 206 of this title, shall be included in the computation of their total service for the purpose of computing their retainer or retired pay when in an inactive-duty status, and in the computation of their retainer or retired pay all active duty so performed subsequent to the effective date of transfer to the Fleet Reserve or to the retired list shall be counted for the pur- ' pose of computing percentage rates and increases with respect to their retainer or retired pay and shall be based on the enlisted pay received by them at the time they resume an inactive-duty status, including increases in consequence of advancement in rating, longevity, and extraordinary heroism: Provided, That such pay shall not exceed 75 percentum of the base and longevity pay of the highest rating to which entitled under the provisions of this section: Provided further, That active duty performed during any period of national emergency declared by the President shall be' considered for the pur *278 pose of this section as not being active duty in time of peace required by section 206: Provided further, That nothing contained in this section shall operate to reduce the retainer or retired pay and allowances to which any enlisted man would otherwise have been entitled: Provided further,' That a fractional year of six months or more shall be considered a full year for purposes of this section in computing years of active Federal service and base and longevity pay: And provided further, That persons of the classes described in this section who have been retired or returned to an inactive-duty status prior to the date of approval of this section shall be entitled •to the benefits of this section from the date of retirement or return to an inactive-duty status.
Plaintiff takes the position that although he was transferred to the Fleet Eeserve in 1924, when he had completed exactly 16 years- of active service in the Navy, the Act of August 10, 1946, supra, should be Interpreted so as to entitle him to its benefits. On the record, we cannot sustain the plaintiff’s interpretation of the statute. He was transferred to the Fleet Eeserve when he had completed exactly 16 years’ service and the statute, which he claims grants him the benefits of increased retired pay, provided for those benefits only for enlisted men transferred to the Fleet Eeserve after more than sixteen years’ service. This language of the statute is clear and unambiguous, and the legislative history of the Act is not sufficient to show that by this language Congress intended to include enlisted men transferred to the Fleet Ee-serve upon the completion of 16 years of Naval service and no more.
Plaintiff says that if it should be held that he does not come within the terms of the Act, above quoted, because he had not .completed more than 16 years’ service at the time of his transfer to the Fleet Eeserve, he is entitled to the benefits of the Act under the provision that “enlisted men transferred from the Fleet Eeserve to the retired list of the Eegular Navy,” shall be entitled to the benefits of the Act. We are of the opinion that this part of the Act refers back to those enlisted men who have been transferred to the Fleet Eeserve after more than sixteen years’ service. Moreover, plaintiff was placed upon the retired list on November 1, *279 1938, and Sec. 203 of the Naval Beserve Act of June 25,1938 (52 Stat. 1178), requires sixteen or more years’ service before an enlisted man may be transferred to the Fleet Beserve. We cannot assume that Congress intended to give a retired enlisted man an advantage over an enlisted man in the Fleet Beserve not in a retired status.
The plaintiff is not entitled to recover, and the petition is dismissed. It is so ordered.
Howell, Judge; MaddeN, Judge; Whitaker, Judge; and JoNes, Chief Judge, concur.