Ernest Cole **ADAMS** et al.,

v.

**UNITED STATES** [In Case of John Edward **BIRNEY** v. **UNITED STATES.**]

No. 50338.

United States Court of Claims.
July 13, 1959.

---

ate to his sixteen years of active service. He was recalled to active duty on September 2, 1941, and served more than 5 years after that date, being released to inactive duty on December 9, 1946. He was again paid retainer pay of one-third of his active duty pay as a chief petty officer, the rank in which he had served during his recalled tour of duty, his retainer pay still being computed as if he were a man with only sixteen years of service.

The Career Compensation Act of 1949, 63 Stat. 802, 829, in its section 511, 37 U.S.C.A. § 311, provides, so far as here relevant:

> "On and after October 1, 1949, (1) members of the uniformed services heretofore retired for reasons other than for physical disability, (2) members heretofore transferred to the Fleet Reserve or the Fleet Marine Corps Reserve * * * shall be entitled to receive retired pay, retirement pay, retainer pay, or equivalent pay, in the amount whichever is the greater, computed by one of the following methods: (a) The monthly retired pay, retainer pay, or equivalent pay in the amount authorized for such members and former members by provisions of law in effect on the day immediately preceding October 12, 1949, or (b) monthly retired pay, retirement pay, retainer pay, or equivalent pay equal to 2½ per centum of the monthly basic pay of the highest federally recognized rank, grade, or rating, whether under a permanent or temporary appointment, satisfactorily held, by such member or former member, as determined by the Secretary concerned, and which such member, former member, or person would be entitled to receive if serving on active duty in such rank, grade, or rating, multiplied by the number of years of active service creditable to him: * * *."

Thomas M. Gittings, Jr., Washington, D. C., for plaintiff. Fred W. Shields and King & King, Washington, D. C., were on the briefs.

Arthur E. Fay, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant. Kendall M. Barnes, Washington, D. C., was on the brief.

MADDEN, Judge.

The plaintiff, John Edward Birney, is plaintiff No. 17 in the above-entitled case. The word "plaintiff" as used hereinafter will refer only to him.

The plaintiff, an enlisted man in the Navy, transferred to the Fleet Reserve on November 22, 1920, with credit for exactly sixteen years' service. As a member of the Fleet Reserve he received retainer pay of one-third of his active duty pay, which retainer pay was appropri-

Effective October 1, 1949, the Navy Department paid the plaintiff retainer and retired pay computed by method (b) of section 511. This pay, $138.92 per

month, was larger than the amount which the plaintiff would have received under a computation made according to method (a) of section 511. The (a) method of computation was based upon the rate of pay received by the man at the time of his active service, and the laws antedating the 1949 Act. The (b) method of computation was based upon the new rate of pay prescribed by the 1949 Act for the rank formerly held by the man when he was in active service. Both methods had additional "fringe" provisions which affected the retired pay.

The rates of basic pay prescribed by the Career Compensation Act were increased by four percent by section 1(a) of the Act of May 19, 1952, 66 Stat. 79, and section 2(a), 37 U.S.C.A. § 321 made this percentage increase applicable to retired and retainer pay. Section 2(b), 37 U.S.C.A. § 322 also increased by four percent the retired and retainer pay of those whose retired and retainer pay was being computed under method (a) of section 511. The plaintiff's pay was, as we have seen, being computed under method (b) of section 511, and it was increased by four percent, and $138.92 to $144.48 per month. He was paid at this rate until March 31, 1955.

On March 31, 1955, Congress enacted the Career Incentive Act of 1955, 69 Stat. 18, which again increased the rates of pay set by the Career Compensation Act of 1949. Sections 5 and 6 of that Act, 69 Stat. 22–23, 37 U.S.C.A. §§ 321a, 322a, provided:

"Sec. 5. Any person now or hereafter entitled to retired pay, retirement pay, retainer pay, or equivalent pay * * * computed at the rates prescribed in section 201(a) of the Career Compensation Act of 1949 shall be entitled to have his pay computed at the rates prescribed by that section, as amended by this Act.
* * *

"Sec. 6. Members and former members of the uniformed services who are entitled to receive retired pay, retirement pay, retainer pay, or equivalent pay under laws in effect prior to October 1, 1949, shall be entitled to an increase of 6 per centum of the retired pay, retirement pay, retainer pay, or equivalent pay, to which they are now entitled."

The plaintiff's pay was then computed according to section 5 of the 1955 Act, and was set at $159.71, because the active duty pay of a chief petty officer had been raised to $304.20 by the 1955 Act, and the plaintiff, under method (b) of section 511 of the Career Compensation Act, was paid 2½ percent of that increased amount, multiplied by his years of active service.

On January 9, 1951, in Sanders v. United States, 120 Ct.Cl. 501, this court held that under the statutes existing prior to the Career Compensation Act of 1949, men originally transferred to the Fleet Reserve with more than 16 but less than 20 years of service, but later recalled and serving sufficient further time to make their aggregate service 20 years or more, were entitled to receive, as retainer pay, the half pay of 20-year men and were not limited to the one-third pay of 16-year men. But this decision was of no advantage to the plaintiff because on July 9, 1951, in Liberty v. United States, 120 Ct.Cl. 274, this court held that men who had originally transferred to the Fleet Reserve with exactly 16 years of service, not "more than 16 years," were not covered by the Sanders doctrine. However, on October 2, 1956, this court in Abad v. United States, 144 F.Supp. 951, 136 Ct.Cl. 404, held that men with exactly 16 years of service prior to their original transfer to the Fleet Reserve were covered by the Sanders doctrine.

The plaintiff was, as we have seen, one of those with exactly 16 years of service prior to his original transfer to the Fleet Reserve. After our Abad decision in 1956, the Navy Department was requested to compute the amount of additional retainer and retired pay due the plaintiff. It did so, back to December 9, 1946, the date of his last release to inactive duty.

His half pay, as distinguished from the one-third pay which he received under the laws existing before the enactment of the Career Compensation Act of 1949, was $27.50 a month larger, entitling him to $926.76 more for the period prior to the effective date, October 1, 1949, of the Career Compensation Act.

Of importance is the fact that his half-pay as recomputed, $140.25 per month, was $1.33 per month larger than the $138.92 which he had received under method (b) of section 511 of the Career Compensation Act. That Act, quoted above, said that he should be paid according to method (a) or method (b), whichever produced the larger pay. In the recomputation the Navy Department used method (a) because that produced the larger pay. Then came the 1952 Act, increasing the retired pay, by whichever method computed, by four percent. That, of course, did not affect the relation of the two methods of computation, the (a) method still producing the larger sum.

Next came the Career Incentive Act of 1955, of which sections 5 and 6 are quoted above. It differed from the 1952 Act in that it increased basic active duty pay, on which retired and retainer pay computed by method (b) of the 1949 Act and section 5 of the 1955 Act would be proportioned, not by a flat percentage, but by setting specific dollar amounts. But as to those paid under method (a) of the 1949 Act, section 6 of the 1955 Act simply increased the retired and retainer pay by six percent. Under this Act the plaintiff would have received $5.10 more per month by using the (b) method of computation.

The plaintiff's retired and retainer pay, under the statutes antedating the Career Compensation Act of 1949, as those statutes were interpreted by this court in Sanders in 1951 and in Abad in 1956, was larger than the pay to which he would have been entitled under the new method of computation provided, as an alternative, but not as an elective, in the 1949 Act. Under that Act, as we have seen, the man was to receive whichever was the larger of the sums produced by the computations under methods (a) and (b). Leaving aside, for the moment, the fact that the Navy Department in 1949 erroneously interpreted the pre-1949 statutes, if a man had at that time foreseen that in 1955 a statute would be passed which would make it advantageous to him, in the lifetime run, to choose the method (b) category, though it produced a smaller immediate pay, he could not, under the terms of the statute, have done so.

Since, as matters stood in 1949, viewed in the light of our 1951 and 1956 decisions, the plaintiff's retired and retainer pay was $1.33 per month larger when computed on the basis of the pre-1949 statutes, i. e. by method (a) of section 511 of the Career Compensation Act, the Government says that the plaintiff was fixed in the method (a) category, and must remain there, even though the 1955 statute made that disadvantageous to him, after 1955. The plaintiff urges that, the Navy Department having, by its erroneous interpretation of the statutes, placed him in the wrong category from 1949 to 1955, and thereby underpaid him in the amount of $89.53 for that period, he should be allowed to waive the $89.53 and to continue to occupy the position in which he was erroneously placed in 1949, but which now, because of the 1955 statute, has become the more comfortable position.

We think the plaintiff's contention cannot be sustained. He has sought a recomputation of his pay on the basis of the statutes, as interpreted. The recomputation, as made, must be consistent, and must not depend upon where the advantages and disadvantages resulting from it fall. The 1949 Act required the plaintiff's retired and retainer pay to be computed by method (a) and he was given no privilege of electing himself out of that category.

For the period April 1, 1955, to March 31, 1957, the Navy Department overpaid the plaintiff $5.10 per month, a

total of $122.40. This overpayment resulted from the error of interpretation which is the basis of this entire case. The Government says the $122.40 should be deducted from the $1,016.29 which is otherwise due the plaintiff. The plaintiff says he should be allowed to keep the $122.40 because it was paid to him under a mistake of law. We have, in a recent case, discussed a similar contention by the Government. See Sprague Steamship Company v. United States, Ct.Cl., 172 F.Supp. 674. The plaintiff may have a judgment for $893.89.

It is so ordered.

FAHY, Circuit Judge, sitting by designation, JONES, Chief Judge, and LARAMORE and WHITAKER, Judges, concur.